# Knott v. The State.

### Assault and Battery.

(Decided April 9, 1914. 65 South. 83.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where there was testimony admitted without objection as to certain matter about which there was no conflict at that time, the admission of testimony of substantially the same facts subsequently, was harmless.

2. *Assault and Battery; Evidence; Motive.*—As showing the relation of the parties, as tending to disclose the motive, and as aiding in identifying defendant as the perpetrator of the assault, evidence that he had, over the objection of the assaulted person been coming to the latter's house to see his wife, was admissible, the defense being that of alibi.

[Knott v. The State.]

APPEAL from Greene Circuit Court.

Heard before Hon. BERNARD HARWOOD.

John Knott was convicted of assault with intent to murder and he appeals. Affirmed.

ELMORE & HERBERT, for appellant. Counsel discuss the evidence and insist that the court was in error in permitting the wife of the assaulted party to testify whether the defendant had ever been over there before to see her, but cite no authority in support of their contention.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The evidence objected to is competent on the question of motive.—*Kelso v. State,* 47 Ala. 573; *Hudson v. State,* 61 Ala. 333; *Long v. State,* 86 Ala. 37. It was also competent on the theory of identification.

PELHAM, J.—The assaulted party, one Willis Brown, testified without objection that the defendant had been coming to his house before the occasion of the assault, and that he had told him to stay away. The testimony was without conflict on this matter, and prejudicial error could not result in subsequently allowing proof of substantially the same facts against the objection of the defendant by the wife of Willis Brown when she was examined as a witness for the state.

Permitting the state's witness Ida Brown, the wife of the assaulted party, Willis Brown, to testify that the defendant had, prior to the assault, been coming to her husband's house to see her is the only error insisted upon by the defendant's counsel as shown by the record in this case. Aside from what we have said in the

first paragraph of our opinion as to this not being shown to constitute prejudicial error requiring a reversal of the case, we may remark that it was proper to make this proof under the facts presented, for the purpose of showing the relations existing between the parties as tending to disclose a motive for the act, and as an aid in identifying the defendant as the perpetrator; his defense being an attempt to prove an alibi.

We find no error presented by the record, and the case will be affirmed.

Affirmed.